so parted with the actual posses'sion, may maintain trover for a conversion by a stranger, for the owner has still possession in law against a wrongdoer.'' The plaintiff was the owner of the legal title to the car and was entitled to its possession against everybody except the bank and those claiming under it. By assigning the bailment lease as collateral security, the plaintiff did not lose its right to protect its ownership and right of posses'sion; neither the bank nor any person claiming under it is questioning its right. While replevin cannot be maintained without showing a right of immediate possession in addition to a special or general property in the plaintiff, the term ''immediate possession'' found in familiar decisions of our Supreme Court means immediate possession as against the defendant and not as against the whole world. If the plaintiff could replevy the automobile from its lessee, the defendant in the execution, it could do so against this appellant, the purchaser at the sheriff's sale thereunder, (Ferguson v. Lauterstein, 160 Pa. 427), whose rights are admittedly inferior to the plaintiff's. After full consideration we are satisfied that the court below was right in entering judgment for the plaintiff.

The judgment is affirmed.

---

## Casaccio to the use of Heating and Plumbing Finance Corporation, Appellant, *v.* Marrone.

*Practice, C. P.—Statment of claim—Affidavit of defense—Practice Act 1915, Sections 6 and 8.*

In an action of assumpsit to recover upon a contract for the installation of a heating plant, the statement of claim contained an averment that when the legal plaintiff assigned his rights under the contract to the use plaintiff, defendant signed a letter certifying that the work done had been completely carried out under a written contract.

The affidavit of defense averred that the work was done under

an oral contract; that it was not satisfactorily performed; and that the letter was signed by defendants, who were unable to read, upon the false representation that it was a receipt for a sum of money paid to the legal plaintiff.

In such case the affidavit of defense was sufficient to prevent judgment.

The pleading of the letter alleged to have approved the contract was a matter of evidence, and defendant's failure to specifically traverse it did not entitle plaintiff to judgment.

Section 8 of the Practice Act, following the ancient rule on the subject, forbids the pleading of evidence.

While it is true that Section 6 of the Act provides that every allegation of fact in the statment of claim, if not specifically, or by necessary implication, denied, should be taken to be admitted, this provision manifestly was not meant to apply to averments made in contravention of the express prohibition of the statute itself.

Argued October 20, 1927. Appeal No. 241, October T., 1927, by plaintiff from order of C. P., No. 4, Philadelphia County, December T., 1926, No. 15996, in the case of J. Phillip Casaccio, to the use of Heating and Plumbing Finance Corporation v. Peter Marrone and Josephine Marrone. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on written contract. Before AUDENRIED, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the following opinion of the Court below discharging the rule.

This case comes before the Court on a rule for judgment for want of a sufficient affidavit of defense.

The action was brought in the name of Casaccio to the use of the Heating & Plumbing Finance Corporation against Peter and Josephine Marrone, to recover from them the balance of the agreed price of a heating system alleged to have been installed in the property of the defendants under a written contract entered into by them and the plaintiff to use under date of

December 4, 1925, which contract, with the right of Casaccio thereunder was, after he had completed his work, assigned to the use-plaintiff.

The affidavit of defense avers that the work referred to in the statement was undertaken by Casaccio on November 2, 1925, under an oral contract with the defendants; that he not only agreed to furnish radiation according to a certain schedule not set forth in the writing on which the claim is based but also to complete the installation to the defendants' satisfaction, and that his agreement has not been performed satisfactorily to them.

In some jurisdictions it has been held that where a written contract or agreement is averred and an oral one is proved there is a fatal variance. However that may be in Pennsylvania, it is certain that where the plaintiff sets up such a contract as is relied on in this case, and the defendant establishes the fact that the terms of the contract between the parties were in reality what the defendants alleged they were, no recovery should be permitted without an amendment of the claim.

It is pointed out, however, that the statement of claim contains in its sixth paragraph averments to the effect that when, on December 21, 1925, Casaccio assigned to the Heating & Plumbing Finance Corporation his rights under his contract with the defendants the latter signed a letter addressed to his assignee certifying that the installation of the heating apparatus had been completely carried out under a written contract, and that this letter was given in consideration of the advance by the assignee of the money required by Casaccio to finance his undertaking. It is also pointed out that the execution of this letter and of the written contract to which it refers is not denied by the defendant. It is, accordingly, argued that the defendants are precluded from asserting that their contract with Casaccio was other than that sued upon.

The defendants' affidavit denies that the letter in question was given upon the consideration alleged, and, averring that the defendants are unable to read and understand the English language, asserts that their signatures to that letter were obtained by the false representation that it was merely a receipt for the sum of $500 which they were then paying to Casaccio.

The defense set up is attacked because it fails to state in what respect the completion of the work undertaken by Casaccio, is not satisfactory to the defendants; because it does not charge the use-plaintiff with participation in the fraud that is alleged to have been practiced upon them; and because of the inherent improbability of the story that they were actually led to believe that the paper that they were asked to sign was a receipt for money that they themselves were paying.

In our opinion, however, the allegations relating to the defendants' letter of December 21, 1925, had properly no place in the statement of claim. That writing formed no part of their contract with Casaccio. It is merely evidence contradicting their averments that the heating apparatus was installed under an oral contract and was not installed completely in accordance therewith. As such evidence it might be made use of at the trial, but it should not figure in the statement. Section 8, of the Practice Act following the ancient rule on the subject, forbids the pleading of evidence. On motion the allegations of paragraph 6, of the statement, would be stricken out. While it is true that Section 6 of the Act provides that every allegation of fact in the statement of claim, if not specifically, or by necessary implication, denied, should be taken to be admitted, this provision, manifestly, was not meant to apply to averments made in contravention of the express prohibition of the statute itself. The defects of the defendants' reply to the sixth paragraph

of the statement cannot count against them to the benefit of the use-plaintiff.

Whether the work contracted for was done under such a contract as is alleged by the use-plaintiff and whether it was completed in the manner agreed upon are questions of fact. With such essential questions still open, it would be error to enter a summary judgment against the defendants. We are clearly of the opinion that the matter should be sifted by a jury so that the real facts may be ascertained and that, in the light thereof, the rights of the parties may be fully considered. The rule for judgment is discharged.

The court discharged the rule. Defendant appealed.

*Error assigned* was discharging the rule.

*J. A. Keough,* and with him *Levi and Mandell,* for appellant.—The affidavit of defense does not sufficiently set forth the character or extent of the alleged breach of the verbal contract: Anderson v. Long, 56 Pa. Superior Ct. 183; Lord Co. v. Industrial Dyeing and Finishing Works, 252 Pa. 421; Morgan v. Gambel, 230 Pa. 165; Gross v. Exeter Machine Works, Inc., 277 Pa. 363; Kempe v. Nunn, 79 Pa. Superior Ct. 307; Woodoleum Flooring Company v. Kaiser, 45 Pa. Superior Ct. 372.

No appearance and no printed brief for appellee.

Per Curiam, March 2, 1928:

This order is affirmed on the opinion of the common pleas.